510-07/MEU/LJK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HYUNDAI MERCHANT MARINE CO., LTD.,

                           Plaintiff,

  - against –

CLINKER & CEMENTO, S.L.,

                           Defendant.
-----------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10·25·07

JUDGE SWAIN

07 CIV 9497

ORDER DIRECTING CLERK TO ISSUE PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT; APPOINTING PERSON TO SERVE PROCESS PURSUANT TO RULE 4(c); AND CONCERNING SCOPE OF SERVICE

      Upon reading and filing the Verified Complaint of the Plaintiff herein, verified on the 24th day of October, 2007, and the Affidavit of Michael E. Unger, sworn to on the same day, that to the best of his information and belief Defendant CLINKER & CEMENTO, S.L. (hereinafter "C & C") cannot be found within this District for the purpose of an attachment under Supplemental Rule B(1) and in support of an order appointing a special process server pursuant to Rule 4(c), and the Court having found that the conditions required by Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure exist, and good cause having been shown,

      NOW, upon motion of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff, it is hereby

      **O R D E R E D** that the Clerk of this Court is directed forthwith to issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendant, as described therein, including but not limited to any property in which the Defendant has an interest, including but not limited to any cash, funds, escrow funds, debts, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire,

sub-charter hire, and/or any other assets of, belonging to, due or being transferred to, from, or for the benefit of the Defendant, (collectively, "ASSETS"), including but not limited to such ASSETS as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of banking institutions, and/or other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $653,259.01, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in respect to the claim against the Defendant; and it is further

**O R D E R E D** that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is further

**O R D E R E D** that Lawrence Kahn, Jan Gisholt, Barbara Carnevale, Manuel Molina, Pamela Schultz, Justin Nastro, Daniel Fitzgerald, Michael Elliott, Susan Lee, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP be and is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment and the Verified Complaint, together with a copy of this Order and any interrogatories, upon garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for, or on behalf of the Defendant; and it is further

**O R D E R E D** that following initial service upon any garnishee by the United States Marshal or any other person designated by this or any subsequent Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment may thereafter be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, such service to be in accordance with

each garnishee's preference or policy, and such facsimile or other electronic transmission shall be deemed to be made within the district if it has been sent from within the district; and it is further

**O R D E R E D** that service on any garnishee herein is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made commencing from the time of such service, and it is further deemed to be effective through the end of the next business day, provided another service is made the next business day; and it is further

**O R D E R E D** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), each garnishee may consent, in writing, to accept service by any other means.

Dated: New York, New York
       October 24, 2007

_____
U.S.D.J.
(Part I)

CERTIFIED COPY
J. MICHAEL McMAHON,        CLERK

BY _Janeen Miles_____
      DEPUTY CLERK

510-07/MEU/LJK

## PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

THE PRESIDENT OF THE UNITED STATES OF AMERICA

To the MARSHAL of the UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK, GREETINGS:

WHEREAS a Verified Complaint has been filed in the United States District Court, Southern District of New York on the 24th day of October, 2007, and styled:

| | |
|---|---|
| HYUNDAI MERCHANT MARINE CO., LTD., | 07 CIV 9497 ( ) |
| Plaintiff, | |
| -against- | |
| CLINKER & CEMENTO, S.L., | |
| Defendant. | |

in a certain action for amounts due Plaintiff from Defendant in connection with a claim for breaches of a maritime contract of affreightment, and praying for Process of Maritime Attachment and Garnishment against the said Defendant in the amount of $653,259.01; and,

WHEREAS, this Process is issued pursuant to such prayer and requires that a garnishee shall serve his Answer, together with answers to any Interrogatories served with the Verified Complaint, within 20 days after service of process upon him and requires that Defendant shall serve its Answer within 30 days after process has been executed, whether by attachment of property or service on the garnishees or arrest of property within the possession of the garnishees;

NOW, THEREFORE, we do hereby command you that if the said Defendant cannot be found within the District, you attach all tangible or intangible property in which the Defendant has an interest, comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic fund transfers, accounts, letters of credit, freights, sub-freights,

NYDOCS1/291916.1                                1

510-07/MEU/LJK

charter hire, sub-charter hire, or any other property of, belonging to, due or being transferred to, from, or for the benefit of Defendant **CLINKER & CEMENTO, S.L.,** (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in the Defendant's own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of ABN Amro, American Express Bank, Bank of America, BNP Paribas, Citibank, Deutsche Bank Trust Co., HSBC, HSBC USA Bank NA, JPMorgan Chase Bank, Standard Chartered Bank, The Bank of New York, and/or Wachovia Bank together with any such ASSETS as may be held by any other garnishee(s) on whom a copy of this Process of Attachment may be served, and that you seize them and promptly after execution of this process, file the same in this Court with your return thereon.

WITNESS, the Honorable Judge Laura Taylor Swain, United States District Judge of said Court, this 25 day of October, 2007, and of our Independence the two hundred and thirty-first.

A CERTIFIED COPY
Clerk. MICHAEL McMAHON, CLERK
By: /s/ Janeen Miles
Deputy Clerk

NOTE: This process is issued pursuant to Rule B(1) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

NYDOCS1/291916.1            2